IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DRAKE A. DUNN,

      Petitioner,

      v.                                     CASE NO. 23-3199-JWL

STATE OF KANSAS, et. al,

      Respondents.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner, a pretrial detainee at the Sedgwick County Jail in Wichita, Kansas, proceeds pro se.  The Court grants Petitioner's motion to supplement the Petition (Doc. 3)[1] and Petitioner's motion for leave to proceed in forma pauperis (Doc. 4).   The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).   Habeas Corpus Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition."   Habeas Corpus Rule 4.

In his Petition under § 2241, Petitioner alleges a speedy trial violation and claims that the judge presiding over his state court criminal proceedings should recuse.   (Doc. 1, at 6.)

---

[1]  Petitioner's supplement adds a corrected page 7 to his Petition.   The corrected page notes that Petitioner did in fact appeal the state court judge's denial of his motion to recuse.   (Doc. 3–1.)

Petitioner also suggests that he has not received proper credit for time served on a municipal sentence in relation to his domestic proceedings.  *Id*. at 2.  However, Petitioner acknowledges that he has not had a trial yet in his criminal case, so it is unclear what sentence he is seeking to credit with the time served.

The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886).   In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance.  *Id.* at 251–52.  Otherwise, federal courts must abstain from interfering with the process of state courts.  *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (citation omitted).  Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise.   *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)).   Two varieties of "extraordinary circumstances" exist:   "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Id*. at n.4 (citations and internal quotations omitted).   However, a petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165 (citation omitted).

Although "*Younger* and *Ex Parte Royall* are related doctrines" the Tenth Circuit has stated that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining state proceedings" while *Ex Parte Royall* "involved a request for habeas relief."   *Kirk v. Oklahoma*, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished).   In finding that *Ex Parte Royall* provided "more specific authority for the dismissal," the Tenth Circuit held that:

> In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual

circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' *Id.*

*Kirk*, 2021 WL 5111985, at \*2 (internal citations omitted).   The Tenth Circuit concluded that the district court did not err by abstaining from interfering in petitioner's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state . . . [n]or is he seeking to compel the state to bring him to trial." *Id*.

Similarly, Petitioner's case is not within the narrow category of cases for which *Ex Parte Royall* contemplates federal-court intervention in state-court criminal proceedings by way of a writ of habeas corpus.   He does not allege that the state is detaining him for committing an act done in pursuance of federal law or under the authority of a foreign government, nor does he seek to compel the State of Kansas to bring him to trial.   Petitioner attaches a letter from his attorney stating that his new trial date in his state criminal case is November 13, 2023.   (Doc. 1–1.) Petitioner asks this Court to dismiss his current trial.   (Doc. 1, at 7.)

The instant Petition does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention.   Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal case in the District Court of Sedgwick County, Kansas.   The criminal case against Petitioner is ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings.

"To establish extraordinary or special circumstances and overcome abstention, [a petitioner] must be facing an irreparable injury that is both great and immediate." *Hodson v.*

*Reams*, 2017 WL 6550694, at *3 (D. Colo. June 20, 2017), *denying cert. of appealability* 729 F.

App'x 661 (10th Cir. 2018) (citing *Younger*, 401 U.S. at 46).   "The exceptions to *Younger* provide

only for a 'very narrow gate for federal intervention.'"   *Id*. (citing *Phelps v. Hamilton*, 59 F.3d

1058, 1064 (10th Cir. 1997)).   A petitioner "may overcome the presumption of abstention 'in

cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope

of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable

injury can be shown.'"   *Id*. (citations omitted).   Petitioner has failed to assert a basis for finding

extraordinary or special circumstances.

Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere

in the ongoing state court proceedings in the District Court of Sedgwick County, Kansas.

Petitioner is therefore directed to show good cause, in writing to the undersigned, why this matter

should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*.   The

failure to file a timely response will result in this matter being dismissed without further prior

notice to Petitioner.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motion to

supplement (Doc. 3) and motion for leave to proceed in forma pauperis (Doc. 4) are **granted.**

**IT IS FURTHER ORDERED** that Petitioner is granted until **September 28, 2023,** in

which to show good cause, in writing to the undersigned, why the Petition should not be dismissed

without prejudice for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated August 28, 2023, in Kansas City, Kansas.**

**S/    John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**