IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DRAKE A. DUNN,

    Petitioner,

    v.                                                  CASE NO. 23-3199-JWL

STATE OF KANSAS, et. al,

    Respondents.

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Sedgwick County Jail in Wichita, Kansas, proceeds pro se and in forma pauperis. The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and ordered Petitioner to show good cause by September 28, 2023, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). (Memorandum and Order to Show Cause "MOSC" at Doc. 6.) This matter is before the Court on Petitioner's Motion to Consolidate Cases (Doc. 8).

Petitioner seeks to consolidate his current habeas action filed under § 2241, with his prior civil rights case filed under 42 U.S.C. § 1983, arguing that "it would be beneficial to include both records together." Doc. 8, at 1 (referencing Case No. 22-3245-JWL-JPO); *see Dunn v. Williams*, Case No. 22-3245-JWL-JPO (D. Kan.). However, Case No. 22-3245 was dismissed for failure to state a claim on November 30, 2022, and has remained closed since that date. *Id*. at Docs. 6, 7.

Rule 42 provides that the Court may order consolidation if actions involve a common question of law or fact. Fed. R. Civ. P. 42(a). The decision whether to consolidate such actions

is left to the sound discretion of the trial court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

The Court finds that consolidation is not warranted. Case No. 22-3245 has been dismissed and remains closed. "Consolidating an active case with one in which Final Judgment has been entered is permissible, but rarely appropriate." *Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 452–53 (D.N.M. June 21, 2018) (citing *see, e.g., Shelton v. MRIGlobal*, No. 11-CV-02891, 2014 WL 793464, at *2 (D. Colo. Feb. 26, 2014) ("Courts are reluctant to consolidate a pending case with a case where a final judgment has been entered, unless the final judgment is first vacated."); *Washington v. Brumbaugh & Quandahl, P.C., LLO.*, No. 8:15CV444, 2016 WL 1435665, at *3 (D. Neb. Apr. 11, 2016), on reconsideration, No. 8:15CV444, 2016 WL 4734393 (D. Neb. Sept. 9, 2016); *Tormasi v. Hayman*, No. CIV. 3:08-CV-4950, 2009 WL 3335059, at *3 (D.N.J. Oct. 15, 2009) (concluding that consolidating an active case with a closed case would not "promote the administration of justice"); *but see Abels v. Skipworth*, No. C10-5033BHS, 2010 WL 2376230, at *1 (W.D. Wash. June 9, 2010) (concluding that the plaintiff's request to consolidate a case with a prior closed case is "misplaced," because rule 42(a) applies to actions before the court, and the plaintiff's prior case "is no longer an action before the Court")).

Furthermore, Case No. 22-3245 was dismissed for failure to state a claim and Petitioner has been ordered to show cause why the Court should not abstain in this habeas case. Consolidation is not warranted and the motion to consolidate is denied. Petitioner is cautioned that his response to the Court's MOSC is due September 28, 2023.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion to Consolidate (Doc. 8) is **denied.**

**IT IS SO ORDERED**.

**Dated September 18, 2023, in Kansas City, Kansas.**

                                         **S/    John W. Lungstrum**
                                         **JOHN W. LUNGSTRUM**
                                         **UNITED STATES DISTRICT JUDGE**