IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DRAKE A. DUNN,**

    **Petitioner,**

v.                                        CASE NO. 23-3199-JWL

**STATE OF KANSAS, et. al,**

    **Respondents.**

### MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Sedgwick County Jail in Wichita, Kansas, proceeds pro se. The Court screened the Petition (Docs. 1, 3) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") directing Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). This matter is before the Court on Petitioner's response (Docs. 7, 10).

### I.  § 2241 Petition

Petitioner alleges that he is challenging Case No. 22-CR-419 pending in the District Court of Sedgwick County, Kansas. (Doc. 1, at 2.) As Ground One, Petitioner alleges a speedy trial violation, stating that he asserted his right to a speedy trial on July 6, 2022. *Id*. at 6. As Ground Two, Petitioner asserts that the state district court judge presiding over his criminal proceedings should recuse due to prejudice. *Id*. As Ground Three, Petitioner asserts that the time credit from municipal court has been miscalculated and his "appeal has been avoided."[1] *Id*. Petitioner's request for relief in his Petition seeks "dismissal of [his] current trial" and states that the Petition is

---

[1] The Court noted in the MOSC that Petitioner acknowledges that he has not had a trial yet in his criminal case, so it is unclear what sentence he is seeking to credit with the time served. Petitioner does not clarify this in his response to the MOSC.

a "follow-up for case #22-3245-JWL-JPO." *Id*. at 7.

## II. *Younger* and *Ex Parte Royall* Abstention Doctrines

### A. *Ex Parte Royall*

The Court found in the MOSC that although "*Younger* and *Ex Parte Royall* are related doctrines" the Tenth Circuit has stated that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining state proceedings" while *Ex Parte Royall* "involved a request for habeas relief." *Kirk v. Oklahoma*, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished). In finding that *Ex Parte Royall* provided "more specific authority for the dismissal," the Tenth Circuit held that:

> In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' *Id.*

*Kirk*, 2021 WL 5111985, at *2 (internal citations omitted). The Tenth Circuit concluded that the district court did not err by abstaining from interfering in petitioner's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state . . . [n]or is he seeking to compel the state to bring him to trial." *Id*.

### B. *Younger*

Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

When *Younger's* three requirements are met, abstention is mandatory unless one of three exceptions applies: the prosecution was "(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Winn v. Cook*, 945 F.3d 1253, 1258–59 (10th Cir. 2019) (quoting *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995)).

## III. Exceptions to Abstention

### A. Relations with Foreign Nations

The Court found in the MOSC that Petitioner does not allege that the state is detaining him for committing an act done in pursuance of federal law or under the authority of a foreign government. In his response, Petitioner argues that he meets the limited circumstances in which intervention in state pre-trial proceedings is an exception to abstention. He claims that if his motion to consolidate (Doc. 8) is granted, it will show "that the Petitioner is in fact being held for alleged criminal acts done as required by federal law; is held in custody of the State under such acts allegedly done under the authority of a foreign country (see warrant #W22014—Hold for Other Agency—Augusta); and this matter is urgent and involves the United States' relations with foreign nations." (Doc. 10, at 1–2.)

Petitioner's motion to consolidate this habeas action with a closed civil rights case has already been denied by the Court. (Doc. 9.) Petitioner merely alleges that his state court criminal proceedings are urgent and involve the United States' relations with foreign nations. Petitioner provides no support for this allegation and does not suggest how his criminal proceedings, which relate to his state domestic relations cases, involve relations with foreign nations.

**B.  Harassment**

Petitioner also argues that "[t]he State has in fact shown conduct of harassment, and the State law or regulation to be applied in this matter is in fact flagrantly and patently violative of express constitutional prohibitions as well." (Doc. 10, at 2.) In support of his argument, Petitioner has submitted "Exhibit E," a Waiver of Counsel, which Petitioner claims "shows the stipulations the trial court would require a defendant to represent himself." (Doc. 10, at 2; Doc. 7, at 2.) Petitioner then argues that his pro se motions were denied by the state court judge because Petitioner was not entitled to dual representation and "needs to have appointed counsel file motions." (Doc. 10, at 3.)

Petitioner has failed to meet his heavy burden to show his prosecution was commenced in bad faith or to harass. Although Petitioner takes issue with the state court judge's refusal to allow him to file pro se motions while represented by counsel, Petitioner has failed to show that this constitutes harassment or warrants an exception to the abstention doctrines. The Tenth Circuit has recognized that "because there is no constitutional right to 'a hybrid form of representation,'" . . . "when defendants have the assistance of counsel, courts need not consider any filings made *pro se.*" *United States v. Sandoval-De Loa*, 283 F. App'x 621, 625 (10th Cir. 2008) (unpublished) (citing *United States v. McKinley,* 58 F.3d 1475, 1480 (10th Cir. 1995) and *United States v.*

4

*Bennett,* 539 F.2d 45, 49 (10th Cir. 1976) ("[P]ermission for [hybrid representation] [is] recognized as being discretionary with the trial court."); *see also United States v. Castellon,* 218 F. App'x 775, 780 n.4 (10th Cir. 2007) (unpublished) ("[W]here a defendant is represented by counsel, we do not accept pro se filings or allegations.")).

### C. Irreparable Injury

The type of "irreparable injury" significant enough to permit federal court interference must pose a "threat to the plaintiff's federally protected rights . . . that cannot be eliminated by his defense against a single criminal prosecution." *Winn*, 945 F.3d at 1259 (quoting *Younger*, 401 U.S. at 46). Courts have "refused to find an exception to *Younger* when the injury could ultimately be corrected through the pending state proceeding or an appeal." *Id*. The two circumstances when a "defendant would suffer irreparable injury from state trial proceedings if relief could come only after an appeal" are "(1) when the defendant's trial is being delayed in violation of the constitutional right to a speedy trial, and (2) when the current trial would violate the Double Jeopardy Clause." *Id*. "*Younger* does not require abstention in the two exceptional circumstances because 'federal intervention is necessary to prevent the challenge from becoming moot.'" *Winn*, 945 F.3d at 1263 (citation omitted).

However, the speedy trial exception is limited based on the type of relief requested. "A criminal defendant may bring a pre-trial habeas action in federal court pursuant to 2241 to 'demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial.'" *Green v. Simonet*, 1994 WL 83299, at *1 (10th Cir. 1994) (unpublished) (quoting *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 489–90 (1973)). The Tenth Circuit in *Winn* examined the significance of *Braden* to the *Younger* irreparable-injury exception. *See Winn*, 945 F.3d at 1261. In *Braden*, the Supreme Court upheld the federal district court's order

that the State bring the defendant to trial or release him.  *Id*. (citing *Braden*, 410 U.S. at 486). However, the Supreme Court distinguished between a request for an order that the defendant be brought to trial and a request that the state court charges be dismissed.  *Id*.  A defendant does not face irreparable injury when he seeks dismissal of the charges, and only faces irreparable harm when he seeks an order to be brought to trial.  *Id*. at 1261; *see also Green*, 1994 WL 83299, at *1 ("Pre-trial habeas relief is not available to consider a claim that the state is barred from trying petitioner because it violated his Sixth Amendment right to a speedy trial.") (citing *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)); *Forney v. State of Oklhamona*, 1998 WL 840941, at *1 (10th Cir. 1998) (stating that state pretrial detainee may bring a federal habeas action to demand enforcement of the state's obligation to bring him promptly to trial, but "he may not seek habeas relief to forestall state prosecution altogether") (citation omitted).

### 1. Kansas Statute

Petitioner claims in his response that the state legislature's extension of the speedy trial deadline constitutes extreme circumstances that will cause a majority of the inmate pretrial population to suffer irreparable harm if the federal court does not intervene.  (Doc. 10, at 6.) Petitioner asks the Court to "consider a class action" concerning the legislature's extension of the speedy trial deadline.  *Id*.  The state statute provides that the speedy trial provisions "shall be suspended until March 1, 2024, in all criminal cases" and "[n]o time between March 19, 2020, and March 1, 2024, shall be assessed against the state for any reason."  K.S.A. § 22-3402 (j) and (m). The statute further provides that "[a]ny person arraigned before March 1, 2024, shall be deemed to have been arraigned on March 1, 2024, for the application of the time limitations provided in subsection (a), (b), or (c)."  *Id*. at § 22-3402 (m).

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Where a petitioner alleges only a violation of Kansas's speedy trial statute, "this claim . . . creates no basis for federal habeas corpus review because it is an allegation of state law error." *Strong v. Heimgartner*, 2020 WL 816040, at *4 (D. Kan. 2020), *cert. of app. denied* 818 F. App'x 798 (10th Cir. 2020) (finding that petitioner raised a claim under Kansas's speedy trial statute, and not under the Sixth Amendment); *Blaurock v. Kansas*, 686 F. App'x 597, 612–13 (10th Cir. 2017) (unpublished) (noting claim that speedy trial rights under K.S.A. § 22-3402 were violated presents issues of state law that are not cognizable on federal habeas review).

### 2. Sixth Amendment

Even if Petitioner's claims are considered as asserting a Sixth Amendment claim, he has not shown that he fits within the limited exception to abstention recognized in *Winn*. Petitioner's request for relief in his Petition asks this Court to dismiss his current trial. (Doc. 1, at 7.) The Court noted in the MOSC that an exception to abstention did not apply because Petitioner was not seeking to compel the State of Kansas to bring him to trial. Now, in his response, Petitioner asks this Court to compel the District Court of Sedgwick County, Kansas, to promptly bring Petitioner to trial. (Doc. 10, at 7.) Petitioner alleges that the legislature extended the speedy trial deadline to 2024 and if the Court does not intervene, he will suffer irreparable harm and will not be promptly brought to trial. (Doc. 10, at 6.)

Petitioner acknowledges that he asked in his Petition to have his state court case dismissed. (Doc. 10, at 6.) He claims he was "unaware of the option to compel the state to go to trial immediately." *Id*. Therefore, he now asks to have the Court order the state court to bring Petitioner to trial "promptly." *Id*. at 7. However, Petitioner's trial date in his state criminal case

is scheduled for November 13, 2023. (Doc. 1–1.)

Even if Petitioner were allowed to change his request for relief from that asserted in his Petition, his trial is already scheduled to be conducted "promptly." It is set for 34 days from the date of this Memorandum and Order. Petitioner does not suggest that his trial should be scheduled sooner than next month.

The docket and Petitioner's response reflect that he filed multiple motions, including a motion to determine competency, and requests for continuances in his state criminal case. [2] *See State v. Shockley*, 314 Kan. 46, 54 (2021) ("Any delays that result from the request of the defendant toll the State's deadline for trial" and "a defendant's waiver of the right to a speedy trial extends not only to a defendant's request for a continuance but also is effected by a defendant's 'acquiescing in the grant of a continuance.'") (citations omitted).

Furthermore, Petitioner has failed to show that he raised a speedy trial issue in state court. *Cf. Braden*, 410 U.S. at 491 (finding petitioner presented his federal constitutional claim of a present denial of a speedy trial to the state courts and the state courts rejected the claim); *see also Green*, 1994 WL 83299, at *2 ("However, a petitioner advancing pre-trial claims of constitutional violations, while not mandated by statute, must, as a matter of comity, exhaust those claims prior to bringing the 2241 federal action") (citation omitted); *see also Capps v. Sullivan*, 13 F.3d 350,

---

[2] Petitioner's state court docket shows that Case No. 2022-CR-419 was filed on March 22, 2022, based on the violation of a protection from abuse order and criminal damage to property. *State v. Dunn*, Case No. 2022-CR-419 (District Court of Sedgwick County, Kansas). His bench trial was scheduled for March 31, 2022. Petitioner sought a continuance of the bench trial, demanded a jury trial, and filed a motion to dismiss on May 23, 2023. Petitioner's trial was rescheduled for July 25, 2022. The docket reflects that the trial was continued by Petitioner, and rescheduled for October 3, 2022. On August 1, 2022, Petitioner filed a motion to withdraw plea. Other motions were filed by Petitioner, including a motion to endorse and motion for reconsideration, and on October 19, 2022, Petitioner filed a motion to determine competency. Petitioner's jury trial was continued to October 26, 2022. The trial was then taken off the docket and continued to determine competency. Petitioner filed multiple "pro se" motions and a competency hearing was held on January 18, 2023. Petitioner was found competent to stand trial. Petitioner filed multiple motions and his trial was scheduled for March 27, 2023. Petitioner's counsel withdrew, he was appointed new counsel, and the trial was continued by the court to June 20, 2023. Again, counsel withdrew, new counsel was appointed, Defendant sought a continuance of the trial and it was continued to August 14, 2023. Petitioner filed a pro se motion to vacate dismissal of charges, and Petitioner's jury trial is currently scheduled for November 13, 2023.

354 (10th Cir. 1993) (stating that "an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted") (citations omitted).

## IV. Recusal

Petitioner asks this Court to compel the state court judge to recuse. (Doc. 10, at 7.) The federal mandamus statute, 28 U.S.C. § 1361, grants the federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, a suit seeking mandamus relief under this provision must name a federal officer or employee as a respondent. *See Rivers v. King*, 23 F. App'x 905, 908 n.4 (10th Cir. 2001) ("[T]his court has no jurisdiction to mandamus state officials because the statutory power to grant such writs is provided only against federal officials."); *see also Amisub (PSL), Inc. v. Colo. Dept. of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361."); *see also Austin v. Dist. Attorney's Office of Northampton Cty.*, 2022 WL 1774129, at *3 (E.D. Pa. 2022) (finding "request for relief that would essentially reopen and redo his closed state criminal proceedings does not seek relief 'in aid of' the Court's jurisdiction") (citation omitted). Petitioner has not provided any legal authority under which the Court could award the relief he seeks.

## V. Conclusion

The Court finds that Petitioner has not shown good cause why this matter should not be dismissed under the abstention doctrines set forth in *Younger* and *Ex Parte Royall*. Even if the Petition could be amended to assert a Sixth Amendment claim and to seek relief in the form of an order for him to be brought to trial promptly, Petitioner's trial is already scheduled for next month. Petitioner has also failed to provide any legal authority for this Court to order the state court judge

to recuse. The Court therefore dismisses the petition without prejudice.

Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 11). Because the Court has granted Petitioner's previous ifp motion at Doc. 4, the Court denies the current motion as moot.

## VI. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that the Plaintiff's motion for leave to proceed in forma pauperis (Doc. 11) is **denied as moot.**

**IT IS FURTHER ORDERED** that Petition is **dismissed without prejudice** for the reasons stated herein.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

**IT IS SO ORDERED**.

**Dated October 10, 2023, in Kansas City, Kansas.**

                                              **S/   John W. Lungstrum**
                                              **JOHN W. LUNGSTRUM**
                                              **UNITED STATES DISTRICT JUDGE**